| | |
|---|---|
| **United States of America,**<br>*ex rel.* **Thomas Reed Simmons,**<br><br>Plaintiff–Relator,<br><br>v.<br><br>**Meridian Surgical Partners, LLC,**<br><br>Defendants. | Civil Case No. 3:11-CV-00439<br>Judge Campbell<br>Magistrate Judge Knowles<br><br><br>**\*REVISED\* Agreed Confidentiality and Protective Order** |

By agreement of the parties, as evidenced by their respective undersigned counsel, the following Order is entered with respect to all information or material that a party to this action designates as confidential ("Confidential Material").

1.  The purpose of this Order is to provide for the prompt, efficient, and orderly conduct of discovery proceedings, to preserve and maintain the confidentiality of certain documents and information produced or exchanged in this litigation by the parties or by any nonparties, and to comply with all applicable state and federal regulations.

2.  This Order applies to any Confidential Material, including any properly designated documents containing trade secrets, proprietary business information, competitively sensitive information, sensitive personal identification or financial information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

3. A producing party may designate as Confidential Material either entire documents or certain portions of documents by:

 a) conspicuously marking "CONFIDENTIAL" on the face of the document and on each successive page that contains Confidential Material;

 b) indicating to undersigned counsel of record, in writing and with adequate specificity, that a certain document or category of documents, whether in part or in full, is Confidential Material; or

 c) employing any other reasonable method to which the parties agree.

4. Documents that contain Protected Health Information ("PHI"), as defined by the Health Information Portability and Accountability Act, must be treated as Confidential Material and conspicuously marked "CONFIDENTIAL PATIENT HEALTH INFORMATION." These documents must be produced unredacted and in their native format where reasonable to do so. Where a party reasonably believes a produced document contains PHI but it has not been marked as this paragraph mandates, the party must notify the producing party so the document may be appropriately reproduced and marked as set forth in this paragraph.

5. Where a party produces Confidential Material stored or recorded in electronic or magnetic media (including information, databases, or programs stored on computers, discs, networks, or tapes ("Electronically Stored Data" or "ESI"), the producing party must label the material as Confidential Material. The producing party may do so in a cover letter that refers generally to Confidential Material, or by marking "CONFIDENTIAL" directly on the media that contains the Confidential Material. If a party that receives ESI designated as Confidential Material then reduces that material to hard-copy form for purposes of disclosure to anyone other

than counsel of record and their respective employees and support personnel, that party must mark any hard-copy material according to the terms set forth in Paragraph 3.

      6.    Except as otherwise permitted by this Order or required by law, Confidential Material may only be used for this action. Further, Confidential Material may only be disclosed to the following persons:

    a) parties in the above-captioned litigation, including, as to Defendants, Defendants' employees.

    b) counsel of record and their respective employees and agents of counsel who have responsibility for the prosecution of the action;

    c) experts and consultants of the parties (and the employees of those experts and consultants) retained or consulted by any counsel of record for the sole purpose of assisting in this action;

    d) employees of contracted or supportive copying, imaging, translating, organizing, or computing services;

    e) the Court and court employees, court reporters, and stenographers;

    f) any person indicated on the face of a document—or an accompanying cover letter, email, or other communication—to be the author, addressee, or a copy recipient of the document;

    g) in the case of meeting or teleconference minutes, an attendee of the meeting or participant in the teleconference;

    h) any deponent in the course of a deposition in this action;

    i) any law enforcement personnel, including but not limited to personnel at the Department of Justice and the Department of Health and Human Services; and

j) other persons only by written consent of Defendants or upon order of the Court and on such conditions as may be agreed or ordered.

7. Confidential Material may not be disclosed to any person referred to in Subparagraphs 6(c), and 6(h), and 6(j) unless that person has read and agreed to be bound by this Order. Counsel must ensure that all personnel referred to in Subparagraphs 6(c), and 6(i) are familiar with this Order. Counsel must also instruct those personnel that they are bound by this Order, and all personnel must sign the attached Nondisclosure Agreement (Exhibit A) before they are granted access to Confidential Material. If multiple personnel from a single company or firm are to be granted access to Confidential Material, the signature of one will comply with this Order and will bind all personnel.

8. Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures access is limited to persons authorized under this Order.

9. By reviewing Confidential Material, all persons governed by this Order agree to the jurisdiction of this Court over their person for any action that seeks to enforce this Order, or for any action for contempt that alleges violation of this Order.

10. Any nonparty from whom discovery is sought must be informed of, and may obtain the protections of, this Order. The party seeking discovery must give a copy of this Order to nonparties from whom discovery is sought. The nonparty may invoke this Order's protections by so advising the parties in writing or by asserting those protections on the record during a deposition or similar proceeding. A nonparty invoking this Order's terms will have standing to appear in this action to file motions and oppose motions, as necessary, to protect the nonparty's rights in its information.

11. A party may designate as Confidential Material any documents in the possession of a nonparty from whom discovery is sought. But that party must have a good-faith belief that the documents they wish to designate as Confidential Material contain the party's confidential information. Disputes over designation of third-party material as confidential must be made according to the process outlined in paragraph 17.

12. The procedures for use of Confidential Material during any hearing or the trial of this action will be determined by the parties and the Court in advance of any hearing or trial. At such time, several points may be considered, including but not limited to: (a) the redacting of Confidential Material to remove patient identifiers or other confidential information; (b) the submission of Confidential Material under seal; (c) the coding of Confidential material to substitute a numerical or other designation for the patient's name or other confidential information; (d) the placing of any exhibits under seal; (e) the introduction of summary evidence where practicable, which may be more easily redacted; and (f) the removal of all Social Security and HIC numbers associated with the names of individual patients or other individuals.

13. If PHI is used during a deposition, efforts should be made, if practicable, to conceal the identity of any patients by substituting a numerical or other designation for any patient's name or other identifying information. Any party may designate the portion of the transcript (including exhibits) that contains Confidential Material with a statement to that effect on the record in the course of the deposition. The party may so advise the reporter. In addition, within 15 days after counsel's receipt of the transcript of a deposition, counsel for a party is permitted to designate in good faith certain portions of that deposition's transcript as Confidential Material by identifying the page and line numbers containing Confidential Material. Regardless of whether a Confidential Material designation has been made, all parties must treat deposition transcripts as

Confidential Material for 21 days following the deposition, unless the parties otherwise agree The fact that a question posed at a deposition would elicit Confidential information or concern Confidential Materials shall not be grounds for an objection. Nothing in this Order shall preclude counsel from using Confidential Materials as exhibits at a deposition or otherwise presenting Confidential Materials to a deposition witness.

14. All Confidential Materials filed with the Court must be redacted or filed under seal, unless the Court directs otherwise upon appropriate application by either party. Where possible, only the confidential portions of such documents shall be redacted or filed under seal.

15. To avoid the unnecessary filing of documents under seal, counsel for the parties will discuss, in good faith, the need to file Confidential Materials under seal. If the parties agree that a document which has been designated as Confidential Material may be publicly filed, such filing will not be a breach of this Order.

16. The parties agree that the Court is ultimately responsible for determining whether there is sufficient justification for the non-public filing of documents designated by the parties as Confidential. Should the Court deny a party's request to file a particular document under seal, it will be not be a breach of this Order for a party to publicly file such document.

17. If any party to this litigation disputes a Confidential Material designation, the parties must attempt to resolve by agreement whether or on what terms the relevant material is entitled to confidential treatment. If the parties cannot agree, counsel for the party objecting to the designation may file an appropriate motion with the Court seeking an order stating that the disputed designation is improper. The party that made the Confidential Material designation has the burden to demonstrate that its designation is proper. Until a final resolution of the dispute is

achieved, whether by consent or court order, all parties must treat the designated material as Confidential Material.

18. Nothing in this Order prevents any person or entity from using or disclosing its own documents or information.

19. Compliance with this Order will not operate as an admission that any particular document is or is not confidential, privileged, or admissible in evidence at trial.

20. This Order survives termination of the action, and except as it otherwise provides,

   a) all Confidential Material—including any copies, extractions, excerpts, summaries, or compilations—must be returned to the producing person or entity, or destroyed within 60 days of the conclusion of the action, whether by settlement, judgment, or otherwise.

   b) each person or entity must provide the producing person or entity, within 75 days of the conclusion of this action, a declaration certifying that all documents required to be returned or destroyed under the provisions of this paragraph have been returned or destroyed;

   c) despite provisions *a)* and *b)* above, counsel of record may keep for archival purposes copies of all deposition transcripts, court filings, and attorney work product that contains or explicitly references Confidential Material, provided these documents are treated as confidential under this Order and viewed only by the attorneys and their employees and not by the parties themselves or any other individual; and

   d) this Order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in

– 7 –
AGREED CONFIDENTIALITY AND PROTECTIVE ORDER
Case 3:11-cv-00439 Document 83 Filed 08/15/13 Page 7 of 10 PageID #: 951

this Order prohibits or interferes with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

(e) Paragraphs 20(a) and 20(b) do not apply to material filed with the Court.

21. If any person possessing Confidential Material receives from any person or entity that is not a party to this Order a subpoena or other process (collectively, "Subpoena") that seeks production or other disclosure of Confidential Material, then that person must give prompt notice by email to counsel for the party who produced or designated the material as Confidential Material. That email must identify the material sought and have a copy of the Subpoena attached. The email notice must be given at least seven business days before any production or other disclosure is required. The party opposing production of the material sought by the Subpoena may object to a production request on the basis of this Order; if a party does object, that party will be responsible for opposing the production sought by the Subpoena. Where an objection is timely communicated to the party receiving the Subpoena, no Confidential Material may be produced in response to the Subpoena until the dispute over production is resolved either by court order or agreement.

22. This Order may be modified or amended by order of the Court for good cause shown, or by agreement of the parties with the approval of the Court.

23. Nothing in this Order precludes the parties from entering a subsequent protective order regarding documents to be filed with the Court under seal.

24. The production of any privileged or otherwise protected material is not a waiver or impairment of any claim of privilege or protection including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials or their subject matter.

– 8 –
AGREED CONFIDENTIALITY AND PROTECTIVE ORDER
Case 3:11-cv-00439   Document 83   Filed 08/15/13   Page 8 of 10 PageID #: 952

Upon receiving notice from the producing party that such material has been produced, the material and any copies or summaries must be returned to the producing party as soon as practicable after receipt of such notice. Return of the allegedly privileged information in no way prejudices or impairs the returning party's rights to challenge the privilege contention of the producing party or non-party; provided, however, that if the producing party has made a demand for the return as set forth above, the basis of such challenge shall not include an argument that the producing party waived privilege or protection by inadvertent production.

      25. If any person or party subject to this Order violates or threatens to violate any term or condition of this Order, the party whose interests in confidentiality are at risk may apply to the Court for relief under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Tennessee.

It is so ORDERED:

_____
Hon. E. Clifton Knowles
United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **United States of America,** *ex rel.* **Thomas Reed Simmons,** <br><br> Plaintiff–Relator, <br><br> v. <br><br> **Meridian Surgical Partners, LLC,** <br><br> Defendants. | Civil Case No. 3:11-CV-00439 <br> Judge Campbell <br> Magistrate Judge Knowles <br><br> **Nondisclosure Agreement** |

I certify that I have read and am familiar with the terms and conditions contained in the Protective Order entered by the Court on \_\_\_\_ \_\_, 2013, in the above-captioned case, and I agree to be bound by the terms and conditions of that Order.

_____
Name (print or type)

_____
Company (if not a party)

_____
Position/Title (if not a party)

_____
Business Address (if not a party)

_____
Signature