IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA,           )
ex rel. THOMAS REED SIMMONS         )
                                    ) NO. 3-11-0439
v.                                  ) JUDGE CAMPBELL
                                    )
MERIDIAN SURGICAL PARTNERS,         )
LLC, et al.                         )

MEMORANDUM

Pending before the Court is Defendants' Motion to Exclude the Expert Report and Testimony of Kathleen McNamara (Docket No. 115). For the reasons stated herein, Defendants' Motion to Exclude is DENIED.

INTRODUCTION

This action arises under the False Claims Act, 31 U.S.C. §§ 3729-3733. Relator alleges that Defendants submitted false and fraudulent claims to the U.S. Government in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b).

Defendants have moved to exclude the expert report and all testimony of Relator's expert, Kathleen McNamara, who has provided opinions regarding whether Defendants paid fair market value for their majority interest in Treasury Coast Surgery Center; whether Defendants paid fair market value distributions to the original physician-owners of Treasury Coast Surgery Center; and whether Defendants' financial transactions were commercially reasonable. Defendants assert that McNamara is not a qualified expert and employs no recognized or reliable methodology in forming her opinions.

LEGAL STANDARD

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702.

District courts serve as "gatekeepers" with regard to proffered expert testimony and possess broad discretion to make admissibility determinations. *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 295 (6th Cir. 2007). A trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S.Ct. 2786, 2795 (1993).

Under *Daubert*, the proponent of an expert witness must demonstrate that (1) the witness is qualified by knowledge, skill, experience, training or education, (3) the testimony of that expert witness is relevant, meaning that it will assist the trier of fact to understand the evidence or to determine a fact in issue, and (3) the testimony of that expert witness is reliable. *In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 529 (6th Cir. 2008).

DISCUSSION

The Court finds that Defendants' Motion should be denied. Defendants' arguments go to the weight of the evidence, not its admissibility. For example, Defendants argue that McNamara has no experience valuing an ambulatory service center. Relator points out that McNamara has performed "hundreds" of fair market valuations in the healthcare context and in the context of Anti-Kickback

litigation. The fact that McNamara has not conducted a valuation of an ambulatory surgical center specifically does not alone make her unqualified to opine on the subject, given her experience in fair market valuations of other healthcare-related concerns. The Court finds that Defendants' arguments as to McNamara's valuations go to the credibility of her opinions, not their admissibility.

Defendants argue that McNamara's opinions are not reliable because of a mistake she admittedly made in her initial report, opinions which have since been withdrawn. The Court's focus is on McNamara's current report, not the portion which has been withdrawn. Defendants' attacks on the correctness of McNamara's calculations, methods and results go to the weight to be given to those results by the trier of fact, not the admissibility thereof.

To the extent Defendants argue that McNamara's statements represent legal conclusions or are not relevant to issues in the case, Defendants may file Motions in Limine and/or make contemporaneous objections to specific testimony at trial.

For these reasons, Defendants' Motion to Exclude is denied, and Plaintiffs' Motion for Oral Argument and Hearing is moot.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE